IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Angelo F. McKelvie,<br><br>            Plaintiff,<br>vs.<br><br>D.H.O. Brown, Disciplinary Hearing Officer,<br><br>           Defendant. | Civil Action No. 9:22-cv-1018-CMC-MHC<br><br>**ORDER** |

This matter is before the court on Plaintiff's complaint pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings. On April 14, 2022, the Magistrate Judge entered a Proper Form Order, directing Plaintiff to bring his case into proper form. ECF No. 6. Plaintiff was advised of pleading deficiencies and given an opportunity to amend his Complaint. *Id.* No response was received. On May 18, 2022, the Magistrate Judge issued a Report recommending this matter be summarily dismissed without issuance and service of process. ECF No. 14. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections and a proposed Amended Complaint on June 6, 2022. ECF No. 16.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made

by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b).

The Report recommends dismissal of Plaintiff's Complaint because he has not alleged he was denied a protected liberty interest. ECF No. 14 at 3. Further, any claim that Defendant violated SCDC Policy fails because failure to follow policies or rules is not actionable under § 1983 as it is not a constitutional violation. *Id.* at 6.

Plaintiff objects to the Magistrate Judge's recommendations. ECF No. 16. He states he was delayed in submitting his Amended Complaint because the institution law library was closed for three weeks due to a "death in the law librarian family, coupled with incidents within [the] institution." *Id.* at 1. He attaches an Amended Complaint and requests the court "reject Magistrate recommendation and file the attached amendment and order defendant to be served." *Id.* His Amended Complaint alleges a disciplinary hearing violated his rights when evidence presented was insufficient for a guilty finding. ECF No. 16-1 at 4. He contends he refuted the incident report, which was unsigned, but the hearing officer relied exclusively on it to find him guilty. Further, he argues this impacts his parole eligibility. *Id.* at 5. Plaintiff notes his injuries are "loss of good time and privileges" and requests the charge be expunged from his record, along with damages for violation of due process. *Id.* at 7.

After considering *de novo* the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court declines to adopt the Report because Plaintiff has now filed an Amended Complaint alleging a loss of good time credits. Although the

Report noted SCDC records reflect no loss of good time credits for the complained-of disciplinary conviction, Plaintiff has subsequently alleged he did lose good time credits.

Therefore, in an abundance of caution, the court declines to dismiss the matter at this time. Plaintiff has provided a valid reason for filing his Amended Complaint outside the time allowed by the Proper Form Order, and has now alleged the loss of good time credits, which the Report pointed out was not alleged in the original Complaint.  The court, therefore, directs the Amended Complaint to be filed as such, declines to adopt the Report, and refers this matter back to the Magistrate Judge for evaluation of the Amended Complaint.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
June 28, 2022